

**FILED**

DEC 30 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| Katherine Moore, et. al | ) |
| | ) PLAINTIFFS' EMERGENCY |
| | ) MOTION FOR PRELIMINARY INJUNCTION |
| | ) PURSUANT TO RULE 65 |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Mike Silver in his individual and official | ) |
| capacities as Training and Services Director | ) |
| for North Carolina Administrative Office of | ) |
| the Courts, | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO RULE 65

**TO THE HONORABLE COURT:**

Plaintiffs, respectfully move this Court pursuant to Federal Rule of Civil Procedure 65 for an Emergency Preliminary Injunction enjoining Defendant Mike Silver, in his official capacity as Training and Services Director for the Administrative Office of the Courts, from further violating Plaintiffs' constitutional and statutory rights under the Fourteenth Amendment, Title IV-D of the Social Security Act, and the Violence Against Women Act (VAWA).

Extrinsic fraud is a deceptive act that prevents a litigant from fully and fairly participating in judicial proceedings, thus undermining the judicial process itself. Unlike intrinsic fraud, which

1

involves misrepresentation or falsehood within the trial process (e.g., perjury), extrinsic fraud attacks the procedural integrity of the case, rendering the proceedings fundamentally unfair and unjust. The U.S. Supreme Court in *United States v. Throckmorton*, 98 U.S. 61, 65 (1878), recognized extrinsic fraud as a basis for setting aside judgments, as it compromises the foundational principles of due process and fairness.

Plaintiffs in this case allege that systemic extrinsic fraud has obstructed their access to justice, manipulated evidence, and imposed punitive measures without procedural safeguards. These fraudulent acts justify an emergency injunction, as they represent ongoing harm and demonstrate that the state judicial process is inadequate to address these violations. Extrinsic fraud in this context also negates the applicability of abstention doctrines, allowing federal intervention to remedy constitutional and statutory violations.

This motion is necessitated by ongoing systemic violations of Plaintiffs' procedural and substantive due process rights, equal protection under the law, and federally mandated protections for survivors of domestic violence and custodial parents. These violations have inflicted irreparable harm on Plaintiffs and their children, including endangerment, financial destabilization, and the deprivation of fundamental rights, necessitating immediate judicial intervention.

The following examples illustrate pervasive extrinsic fraud in the Plaintiffs' cases:

1. **Katherine Moore:**
    - **Improper Venue:** Opposing counsel misrepresented the residency of Mr. Mills to establish jurisdiction in Nash County, despite Mr. Mills admitting under oath that he resided in Wake County at the time of filing. This deliberate misrepresentation deprived Ms. Moore of her right to a proper forum and procedural fairness.

2

- **Exclusion of Key Evidence:** Judge Julie Bell excluded critical medical records and recorded evidence documenting abuse, disregarding their relevance. This exclusion prevented Ms. Moore from fully presenting her case, compromising her ability to protect herself and ultimately her child.
- **Manipulated Findings:** Judicial findings from Judge Braun were riddled with factual inaccuracies, including incorrect dates, names, and injuries. These errors suggest either gross negligence or deliberate efforts to discredit Ms. Moore. The order was so illogical that when opposing counsel attempted to introduce it at a subsequent trial, the judge presiding over that trial barred it from admittance because *it* was not credible.
- **Improper Diversion of Title IV-D Funds** Judicial finding by Judge Waye Boyette where the Plaintiff where opposing counsel was granted $1000 on the spot to be paid by the Plaintiff without hearing or due process. The $1,000.00 was diverted from the Plaintiff's Title IV-D child support.
- **Maliciously Impugning the Character of a victim with knowingly erroneous statements after Ms. Moore filed a complaint with the Judicial Standards Committee** where Judge Wilson of Nash County Superior Court warns Ms. Moore that use of *In Re: McClatchey as* authority in a motion to obtain body cam video of a conversation constituted a 'mischaracterization' of the case law. The portion of the case law to which he was referring was a quoted portion lifted directly from that case. It was quoted and cited in the body of the motion. Additionally, it is unclear why any judge would warn a party about disciplinary action to be taken merely for quoting authority in a case. If appears that after

3

Case 5:24-cv-00686-BO-KS   Document 9   Filed 12/30/24   Page 3 of 9

multiple motions filed by the opposing party and his counsel to have Ms. Moore jailed for some reason; any reason, even where no order existed and Ms. Moore has never contravened any law, Judge Wilson was creating an opportunity for Ms. Moore to violate an order for a non-existent infraction. Judge Wilson has the bodycam footage but did not release it.

- Judicial finding by Judge William Farris that Ms. Moore was 'delusional' because she interrupted 2 witnesses during their testimony. The interruptions were Ms. Moore's objection to hearsay testimony as Ms. Moore was acting as her own counsel and it necessitated an objection. The testimony could later be contradicted by recorded evidence that directly impeaches the testimony.

2. **Amy Palacios:**
   - **Concealment of Opposing Party's Competency:** Despite Mr. Urban's documented history of incompetency, the court allowed him to participate in proceedings without safeguards. Attorney Jay White concealed Mr. Urban's incompetency to secure procedural advantages, obstructing Ms. Palacios' ability to litigate fairly.
   - **Unjust Financial Penalties:** The court imposed $15,000 in attorney fees on Ms. Palacios without notice or hearing, violating her right to contest these sanctions. This punitive measure further destabilized her financial situation and ability to care for her children.

3. **Edyta Basista:**
   - **Retaliatory Arrest:** Opposing parties exploited an outdated email to initiate retaliatory proceedings against Ms. Basista, leading to her wrongful arrest. This

4

action bypassed procedural requirements, including the statute of limitations, and obstructed her ability to seek justice.
- **Concealment of Evidence:** Key evidence supporting Ms. Basista's claims was withheld, depriving her of the ability to mount a complete defense.

Extrinsic fraud has permeated Plaintiffs' cases, depriving them of constitutional and statutory rights and rendering state proceedings fundamentally unfair. These fraudulent actions violate due process, Title IV-D, and VAWA, and justify this Court's intervention to issue an emergency injunction. The ongoing harm to Plaintiffs and their children necessitates immediate federal oversight to ensure procedural integrity and compliance with federal mandates.

**RELIEF REQUESTED**

Plaintiffs seek a preliminary injunction requiring Defendant Mike Silver and the North Carolina court system to:

1. Enforce whatever protective orders may have been previously granted to certain Plaintiffs and their children without delay or procedural obstruction.
2. Implement trauma-informed, victim-centered practices as mandated and funded under VAWA (34 U.S.C. § 12291(b)(8)).
3. Halt the imposition of retaliatory financial penalties and unwarranted sanctions against Plaintiffs.
4. Stay the enforcement of prior judicial orders that perpetuate harm or contravene federal and constitutional mandates until compliance is ensured.

Plaintiffs further request expedited consideration of this motion due to the imminent and irreparable harm they face, including threats to physical safety, loss of parental rights, and continued procedural injustice in the form of pending litigation.

**GROUNDS FOR RELIEF**

Plaintiffs are entitled to emergency injunctive relief because:

1. **Likelihood of Success on the Merits:** Plaintiffs have demonstrated systemic violations of their constitutional rights under the Fourteenth Amendment, including procedural and substantive due process, and equal protection. They have also shown violations of Title IV-D and VAWA mandates, as detailed in the attached memorandum of law.

2. **Irreparable Harm:** Plaintiffs and their children could face ongoing harm, including endangerment, re-traumatization, and deprivation of parental rights, which cannot be remedied through monetary damages.

3. **Balance of Equities:** The harm to Plaintiffs far outweighs any administrative burden on Defendant or the North Carolina court system.

4. **Public Interest:** Granting this injunction serves the public interest by ensuring compliance with federal mandates and protecting vulnerable populations from systemic harm.

A detailed memorandum of law in support of this motion is attached hereto and incorporated by reference, outlining the legal and factual grounds for relief, including case law, statutory violations, and constitutional principles.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court issue a preliminary injunction enjoining Defendant Mike Silver and the North Carolina court system as outlined above and grant such other relief as the Court deems just and proper.

_____
Katherine Moore, J.D., M.S., CFE
3461 Lacewing Drive
Zebulon, NC 27597
(786) 797-0507
kmoore@protectivemoms.net


_____
Anita Washington
5016 South Amherst Hwy,
Madison Heights, VA 24572
(252) 639-8999
anitawashington279@gmail.com


_____
Amy Palacios, NP
3832 Grovesner Steet,
Harrisburg, NC 28075
(704) 579-7108
amypalacios79@gmail.com


_____
Edyta Hanna Basista
5809 Magellan Way, Apt 203
Raleigh, NC 27612
(516) 446-0877
ehbasista@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true copy of the foregoing **PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO RULE 65,** to be served by mail to Mike Silver, Training and Services Director, North Carolina Administrative Office of the Courts at 901 Corporate Center Drive, Raleigh, NC 27607

_[signature]_
Katherine Moore, J.D., M.S., CFE
3461 Lacewing Drive
Zebulon, NC 27597
(786) 797-0507
kmoore@protectivemoms.net
