IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-00686

| | |
|---|---|
| Katherine Moore, et. al | ) |
| | ) PLAINTIFFS' MEMORANDUM AMENDED |
| | ) COMPLAINT FOR VIOLATIONS OF CIVIL |
| | ) RIGHTS PURSUANT TO SECTION 42 USC |
| | ) 1983 |
| Plaintiffs, | ) |
| v. | ) |
| Mike Silver in his individual and official capacities as Training and Services Director for North Carolina Administrative Office of the Courts, | ) |
| Defendant. | ) |

*Amended*

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

### JURISDICTION AND VENUE

**JURISDICTIONAL STATEMENT**

This Court has jurisdiction over this action pursuant to the following Federal Questions Jurisdiction under 28 U.S.C. § 1331.

Plaintiff's claims arise under federal law, including:

The Violence Against Women Act (VAWA), 34 U.S.C. § 12291 et seq., which provides protections against gender-based violence and guarantees rights to victims of such violence;

Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq., which governs the administration

1

of child support enforcement programs and ensures compliance with federal requirements; and allegations of extrinsic fraud perpetrated by state courts in violation of Plaintiffs' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution.

Civil Rights Jurisdiction under 28 U.S.C. § 1343(a)(3)

This Court has jurisdiction to redress the deprivation of constitutional and federal statutory rights under color of state law. The Plaintiffs allege that state actors, acting in their official capacities, deprived Plaintiffs of federally protected rights.

**Supplemental Jurisdiction under 28 U.S.C. § 1367**

To the extent Plaintiffs' claims include related state law claims, this Court has supplemental jurisdiction over those claims as they are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

**Declaratory and Injunctive Relief under 28 U.S.C. §§ 2201–2202**

Plaintiffs seek declaratory relief to determine the validity of certain state court actions alleged to have been obtained through extrinsic fraud and injunctive relief to prevent further enforcement of unconstitutional practices.

**Venue under 28 U.S.C. § 1391(b)**

Venue is proper in the Eastern District of North Carolina because the events giving rise to this action occurred within this District; and the Defendant resides and perform their official duties within this District.

Memorandum in support of Plaintiffs' claims are provided in an additional filing.

## PARTIES

## PLAINTIFFS

Katherine Moore: Ms. Moore is a resident of Wake County, North Carolina, and the mother of a toddler. She has faced judicial retaliation, financial destabilization, and procedural biases in her family court proceedings.

Amy Palacios (Urban): Ms. Palacios is a resident of Cabarrus County, North Carolina. She is a mother of six (6) children. Over a three-year period, she has been subjected to systemic judicial indifference, misconduct by opposing counsel, and denial of procedural justice while attempting to protect herself and her children from her abusive ex-husband, Brad Urban.

Edy Basista: is a resident of Wake County North Carolina and a mother of 2 children. She has faced judicial retaliation, financial destabilization, and procedural biases in her family court proceedings.

## DEFENDANT

Mike Silver: Defendant Mike Silver is the Training and Services Director for the North Carolina Administrative Office of the Courts. As the official responsible for distributing and enforcing compliance with federal VAWA funding, Defendant Silver has failed to implement mandated trauma-informed and victim-centered practices, directly contributing to the harm suffered by Plaintiffs.

## FACTS OF EACH PLAINTIFF'S CASE

**Katherine Moore** is a mother from Wake County, North Carolina, has endured egregious judicial misconduct and systemic failures in her custody proceedings against Scott Mills. In March 2021, Ms. Moore sought a Domestic Violence Protective Order (DVPO) after Mr. Mills assaulted her while she was pregnant.

3

Ms. Moore recorded an audio file during a hospital visit, capturing a conversation with Mr. Mills and medical staff regarding the assault. Although the audio was initially admitted into evidence by Judge Bell of Wake County (who is currently the defendant in other actions), it was later excluded after Ms. Moore played only three seconds of the hour-long recording. Judge Bell further barred Ms. Moore from submitting the corroborating medical records, claiming they were "unnecessary."

In October 2023, Ms. Moore sought another DVPO to protect her daughter, KM, after evidence of potential abuse was discovered. Despite presenting medical records, testimony from a forensic nurse examiner, and statements from the father's sister, Judge Braun denied the DVPO. Judge Braun's findings were riddled with factual errors, including incorrect names, dates, and injuries, which rendered the order inadmissible in subsequent hearings.

Ms. Moore's attempts to seek justice have been repeatedly thwarted by judicial retaliation. Judges have impugned her credibility and imposed financial penalties without hearings.

**Amy Palacios** has spent over three years navigating the judicial system to protect herself and her children from her abusive ex-partner, Brad Urban. Despite repeated instances of documented abuse, including assault and threats of violence, Ms. Palacios has faced systemic failures, including the dismissal of protective orders and unethical conduct by opposing counsel, Jay White.

In December 2019, Ms. Palacios obtained a restraining order after Brad Urban assaulted her. Despite this, Mr. Urban was allowed unsupervised visitation with their children, putting them at risk of further harm. After reporting abuse lost custody of her older four of six children

first ex-husband Matthew Bledsoe used same lawyer Jay White as Brad Urban. . Mother lost custody after reporting abuse.

Over the course of several hearings, Jay White misrepresented facts, harassed Ms. Palacios as a pro se litigant, and secured dismissals and continuances without legitimate grounds. The court consistently deferred to Mr. White, further denying Ms. Palacios due process. Jay White with Hartsel and Williams was over DSS child welfare, DSS child support, county contract, the school board, and acting has top defense attorney for criminal law and private custody hearings.

In 2020-2021, Ms. Palacios was ordered to pay over $15,000 in attorney fees for White and the GAL $2,600, despite the court acknowledging that Mr. Urban was incompetent during criminal proceedings. This financial burden was imposed without a hearing, adding to Ms. Palacios' already significant distress and financial instability.

**Edyta Basista** (Plaintiff 6) Mother is Wake county of two daughters. She is a victim of domestic violence who was improperly arrested and subjected to emotional trauma at the hands of opposing counsel as facilitated by a local magistrate. She is a mother who lost custody after reporting abuse.

Extrinsic fraud refers to deceptive practices that corrupt the judicial process, preventing a party from fully presenting their case. Unlike intrinsic fraud, which involves falsehoods litigated during the trial (e.g., perjury), extrinsic fraud undermines the foundational fairness of proceedings by keeping a party ignorant or obstructed from presenting their claims. This includes actions like misrepresenting jurisdictional facts, concealing critical evidence, or manipulating procedural rules to deny access to justice. Courts recognize that judgments procured through

5

extrinsic fraud are invalid and may be set aside to preserve judicial integrity (*United States v. Throckmorton*, 98 U.S. 61, 65 (1878)).

North Carolina law defines civil fraud under *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974), requiring:

1. A false representation or concealment of material fact.
2. Knowledge of the falsehood or reckless disregard for its truth.
3. Intent to deceive.
4. Reasonable reliance by the injured party.
5. Resulting harm.

Extrinsic fraud is actionable under these principles, especially when it deprives individuals of fundamental rights protected by the Constitution, Title IV-D, and VAWA.

Each Plaintiff's case is marked by significant instances of extrinsic fraud that obstructed justice and violated their rights:

1. **Katherine Moore:**
    - **Improper Venue:** Opposing counsel misrepresented Mr. Mills' residence to secure jurisdiction in Nash County, depriving Ms. Moore of a proper forum. Despite Mr. Mills admitting under oath that he resided in Wake County at the time of filing, the court upheld jurisdiction in Nash County based on the fraudulent claim.
    - **Exclusion of Key Evidence:** Judge Braun and other judicial officers excluded medical records and recordings that documented abuse, without justification. These exclusions denied Ms. Moore the opportunity to present a complete case and protect her child.

- **Manipulated Judicial Findings:** Findings of fact by Judge Braun were riddled with inaccuracies that misrepresented evidence, such as misidentifying medical professionals and institutions. These actions demonstrate deliberate disregard for the truth.
- **In ability to participate in litigation:** for all Plaintiffs, where the courts denied the plaintiffs' evidence or access to their files, the Plaintiffs were denied access to actively participate in their litigation[1].

2. **Amy Palacios:**
    - **Concealment of Opposing Party's Competency:** The court permitted Mr. Urban to file motions and pursue legal claims despite his documented incompetency. Attorney Jay White knowingly concealed this critical fact while pursuing punitive actions against Ms. Palacios.
    - **Unjust Financial Penalties:** Without notice or a hearing, the court imposed $15,000 in legal fees on Ms. Palacios. This action deprived her of procedural safeguards to contest the penalties, a hallmark of extrinsic fraud.

3. **Edyta Basista:**
    - **Retaliatory Arrest and Concealed Evidence:** Opposing parties initiated retaliatory proceedings against Ms. Basista based on an outdated email,

---

[1] This is even true in Bankruptcy proceeding 21-01775-5-DMW in the Eastern District of North Carolina Bankruptcy Court where Scott Mills filed for bankruptcy and provided a schedule J that stated that he made $1,400 month. Ms. Moore intervened in that proceeding as a creditor because he had never paid her $1 of child support. Ms. Moore provided the court and the trustee with Mr. Mills' bank statements that reflected that he was depositing approximately $10,000 a month in cash into just one of his bank accounts. Under penalty of perjury, Mr. Mills testified during the custody hearing that he was paid approximately that amount each month by his employer for running errands. Although it appears the trustee may have taken some action, Ms. Moore has never received any correspondence from the court, nor was she included as a creditor. As a result, she was unable to participate in this litigation as well. Scott Mills' bankruptcy filing was verified.

disregarding procedural requirements such as the statute of limitations. This led to her wrongful arrest, which obstructed her ability to litigate fairly.

## A. Procedural Due Process Under the Fourteenth Amendment

Procedural due process requires notice, a meaningful opportunity to be heard, and safeguards against arbitrary decisions (*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Extrinsic fraud undermines these principles by corrupting the procedural framework itself. In Plaintiffs' cases:

- Ms. Moore's inability to contest jurisdiction in the proper venue violated her procedural rights.
- Ms. Palacios' lack of notice and hearing regarding financial penalties deprived her of the opportunity to challenge the sanctions, violating *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).
- Ms. Basista's wrongful arrest and the concealment of exculpatory evidence impeded her ability to defend herself.

## B. Substantive Due Process

Substantive due process protects against arbitrary and oppressive government actions that infringe upon fundamental rights. By misrepresenting facts, excluding evidence, and enabling retaliatory actions, the courts violated Plaintiffs' substantive due process rights to familial integrity and safety (*Troxel v. Granville*, 530 U.S. 57, 65 (2000)).

## C. Equal Protection

The Equal Protection Clause prohibits discrimination and systemic biases in judicial proceedings. Plaintiffs, as survivors of domestic violence, faced disparate treatment consistent with patterns identified in Joan Meier's research, which highlights systemic bias against mothers

alleging abuse. These inequities violate the principles articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265-66 (1977).

### A. Misuse of Child Support Funds

Title IV-D mandates that child support payments be used exclusively for the child's benefit (42 U.S.C. § 658). In Ms. Moore's case, $1,000 was improperly deducted from her child support to pay opposing counsel's fees. This diversion violates Title IV-D's requirements and compromises the welfare of the child.

### B. Procedural Safeguards for Custodial Parents

Title IV-D requires procedural protections to prevent harm to custodial parents (42 U.S.C. § 654(29)). The imposition of financial penalties on Ms. Palacios without a hearing violated these safeguards, undermining her ability to care for her children.

### C. Best Interests of the Child

Title IV-D prioritizes the best interests of the child in custody and support proceedings (42 U.S.C. § 654(20)). The courts' reliance on fraudulent jurisdictional claims and exclusion of evidence in Plaintiffs' cases failed to uphold this requirement.

### Extrinsic Fraud and Abstention Doctrines

Extrinsic fraud negates the applicability of federal abstention doctrines by demonstrating systemic corruption in state judicial processes.

- **Younger Abstention:** Federal courts abstain from state proceedings only when those proceedings are adequate and fair. Extrinsic fraud establishes that state proceedings are incapable of delivering justice, justifying federal intervention (*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

9

- **Rooker-Feldman Doctrine:** Plaintiffs' claims challenge systemic judicial misconduct rather than individual state court rulings. As such, they fall outside the scope of the *Rooker-Feldman Doctrine* (*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

Extrinsic fraud permeates Plaintiffs' cases, undermining their constitutional rights and statutory protections under Title IV-D and VAWA. These fraudulent actions deprived Plaintiffs of meaningful access to justice and perpetuated systemic inequities that demand federal intervention. This Court must address these violations to ensure procedural fairness, compliance with federal mandates, and protection for survivors of domestic violence.

Plaintiffs request the right in amend to include additional plaintiffs and defendants as necessary.

## PRAYER FOR RELIEF

1. Declaratory Judgment: Plaintiffs seek a declaratory judgment that Defendant violated their constitutional rights under the Fourteenth Amendment and failed to enforce federal mandates under VAWA. Such a declaration would affirm the systemic nature of the violations and provide clarity for future judicial accountability.

2. Injunctive Relief: Plaintiffs request an injunction requiring Defendants to enforce trauma-informed and victim-centered practices in North Carolina courts. This includes future court proceedings to be stayed for all plaintiffs effective immediately, training for all court and law enforcement personnel on the handling of domestic violence cases and regular audits to ensure compliance.

3. Compensatory Damages of $5,000,000.00. Plaintiffs request compensatory damages for the profound emotional distress, financial harm, and loss of time with their children. Case law, such as Doe v. Baum, 903 F.3d 575 (6th Cir. 2018), underscores the constitutional violation caused by systemic failures in domestic violence cases, warranting substantial compensation for Plaintiffs' suffering.

4. Punitive Damages of up to three times the amount of the compensatory damages where there are aggravating circumstances including fraud. Plaintiffs seek punitive damages to hold Defendant accountable and deter future violations. Courts have recognized the importance of punitive damages in cases of deliberate indifference, as highlighted in Smith v. Wade, 461 U.S. 30 (1983).

5. Attorneys' Fees and Costs: Plaintiffs request attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988, ensuring that they can pursue justice without further financial burden.

6. Additional Relief: Plaintiffs request any additional relief this Court deems necessary to rectify the systemic failures and prevent future harm to domestic violence survivors and their children.

7. Plaintiffs reserve the right to amend to include a representative, additional plaintiffs and additional defendants.

*[signature]*
Katherine Moore, J.D., M.S., CFE
3461 Lacewing Drive
Zebulon, NC 27597
(786) 797-0507
kmoore@protectivemoms.net

*[signature]*
Anita Washington
5016 South Amherst Hwy,
Madison Heights, VA 24572
(252) 639-8999
anitawashington279@gmail.com

*[signature]*
Amy Palacios, NP
3832 Grovesner Steet,
Harrisburg, NC 28075
(704) 579-7108
amypalacios79@gmail.com

*[signature]*
Edyta Hanna Basista
5809 Magellan Way, Apt 203
Raleigh, NC 27612
(516) 446-0877
ehbasista@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true copy of the foregoing AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, was mailed on this 10th day of December, 2024, to Mike Silver, Training and Services Director, North Carolina Administrative Office of the Courts at 901 Corporate Center Drive, Raleigh, NC 27607-5045

*Katherine Moore*

Katherine Moore, J.D., M.S., CFE
3461 Lacewing Drive
Zebulon, NC 27597
(786) 797-0507
kmoore@protectivemoms.net