IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 24-cv-00686

FILED
MAR 20 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Katherine Moore, et. al )  *Plaintiffs Motion to Submit*
) PLAINTIFFS' MEMO IN OPPOSITION TO
) MOTION TO DISMISS
) INJUNCTION
)
Plaintiffs, )
)
v. )
)
Mike Silver in his individual and official )
capacity as Training and Services Director )
For the North Carolina Administrative )
Office of the Court )
)
Defendant )

---

**PLAINTIFFS' MOTION TO FOR SUBMISSION OF ALL RELEVANT DOCUMENTATION, INCLUDING PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, FOR JUDICIAL REVIEW**

---

NOW COME Plaintiffs who respectfully move this Court to ensure that all relevant filings—including Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, filed on March 3, 2025, and supplemented with all signatures on March 4, 2025—are presented to the Honorable Judge for consideration in ruling on all pending motions, including Plaintiffs' Motions for Preliminary Injunction. In support of this Motion, Plaintiffs state as follows:

I. BACKGROUND

On December 30, 2024, Plaintiffs filed a Motion for Preliminary Injunction, followed by a second Motion for Preliminary Injunction on January 31, 2025.

1

On February 11, 2025, Plaintiffs also filed a Motion to Seal Documents Containing PII and a Motion for Leave to File Excess Pages in support of their filings.

On February 17, 2025, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Rule 12(b)(1)) and a Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)).

On March 3, 2025, Plaintiffs timely filed a Memorandum in Opposition to Defendant's Motions to Dismiss, which contained the signature of one plaintiff. The following day, on March 4, 2025, Plaintiffs filed the same Memorandum containing all Plaintiffs' signatures, thereby curing any procedural deficiency.

1. Despite the timely filing and subsequent cure, it has come to Plaintiffs' attention that the Court has been presented with Defendant's motions but has not yet received Plaintiffs' response.

2. The inclusion of Plaintiffs' Memorandum in Opposition is essential for a full and fair adjudication of Defendant's motions and must be considered before ruling on Plaintiffs' Motion for Preliminary Injunction.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to assess whether the Plaintiff has stated a claim upon which relief can be granted. The Fourth Circuit Court of Appeals has consistently held that in ruling on a 12(b)(6) motion, the Court must consider the arguments and responses of both parties before making a determination. *See Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (holding that dismissal is improper unless the court has fully reviewed the complaint and the legal arguments presented in opposition to dismissal).

Additionally, under Local Civil Rule 7.1(f)(2) for the Eastern District of North Carolina, "[r]esponses to motions shall be filed and served in accordance with the Federal Rules of Civil Procedure and these local rules." Since Plaintiffs timely filed their Memorandum in Opposition and fully cured the signature issue within 24 hours, their response is properly before the Court and must be considered.

Failure to consider a plaintiff's opposition to a Rule 12(b)(6) motion would violate fundamental due process rights. In *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009), the Fourth Circuit emphasized that a district court must evaluate all arguments and filings that may support a claim's viability before granting dismissal. Further, in *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), the court underscored that plaintiffs must have the opportunity to oppose dismissal before any decision is rendered.

Moreover, when a motion to dismiss is pending concurrently with a motion for a preliminary injunction, the court must ensure all relevant materials are reviewed before issuing a ruling on either motion. *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (holding that courts must consider all pleadings and evidence before issuing preliminary relief). Because Defendant's motion to dismiss is directly related to Plaintiffs' request for injunctive relief, failure to consider Plaintiffs' response would result in an incomplete record and an improper ruling on their Motion for Preliminary Injunction.

### III. ARGUMENT

Plaintiffs' Memorandum in Opposition was timely filed on March 3, 2025, and any procedural deficiency related to missing signatures was fully cured on March 4, 2025. Under well-established precedent, a minor curable procedural error does not justify disregarding a

3

Case 5:24-cv-00686-BO-KS   Document 35   Filed 03/20/25   Page 3 of 7

timely-filed legal argument. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (explaining that technical pleading deficiencies should be corrected rather than leading to dismissal when the substantive claims remain viable).

The Federal Rules of Civil Procedure and Local Rules require the Court to consider all properly submitted and timely-filed responses before ruling on a Rule 12(b)(6) motion. *See Robinson v. Am. Honda Motor Co.*, 551 F.3d at 222 (finding that failure to consider an opposition brief before ruling on a motion to dismiss constitutes reversible error).

The Supreme Court has repeatedly held that federal courts must consider all relevant pleadings before making dispositive rulings to ensure procedural fairness. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, and a complaint must be viewed in the light most favorable to the plaintiff."). By extension, a response in opposition to dismissal must also be reviewed.

The Court cannot properly adjudicate Plaintiffs' Motion for Preliminary Injunction without reviewing Plaintiffs' opposition to the motion to dismiss, as both involve overlapping legal and factual issues. The Fourth Circuit Appeals has made clear that a preliminary injunction cannot be denied without a full consideration of the record. *Pashby v. Delia*, 709 F.3d at 320. If Plaintiffs' response is not reviewed, the record will be incomplete, potentially resulting in legal error.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court:

1. Respectfully direct the Clerk to submit Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss to the Honorable Judge for review before ruling on any pending motions.

2. Ensure that all relevant filings, including Plaintiffs' Memoranda in Support of their Motions for Preliminary Injunction, are considered in their entirety before issuing a ruling.

3. Deny Defendant's Motion to Dismiss to the extent that it is improperly considered without the benefit of Plaintiffs' full response.

Respectfully submitted,

_/s/ Katherine Moore_
Katherine Moore, J.D., M.S., CFE
3461 Lacewing Drive
Zebulon, NC 27597
(786) 797-0507
kmoore@protectivemoms.net

_/s/ Anita Washington_
Anita Washington
5016 South Amherst Hwy,
Madison Heights, VA 24572
(252) 639-8999
anitawashington279@gmail.com

_/s/ Amy Palacios_
Amy Palacios, NP
3832 Grovesner Steet,
Harrisburg, NC 28075
(704) 579-7108
amypalacios79@gmail.com

_/s/ Edyta Hanna Basista_
Edyta Hanna Basista
5809 Magellan Way, Apt 203
Raleigh, NC 27612
(516) 446-0877
ehbasista@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true copy of the foregoing **PLAINTIFFS' MOTION TO FOR SUBMISSION OF ALL RELEVANT DOCUMENTATION, INCLUDING PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, FOR JUDICIAL REVIEW,** to be served by mail to Elizabeth Curran O'Brien, Special Deputy Attorney General, N.C. Department of Justice, P.O. Box 629, Raleigh, NC 27602-0629 and addressed to the following:

Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice

This the 20th day of March, 2025

*/s/ Katherine Moore*
Katherine Moore, J.D., M.S., CFE
3461 Lacewing Drive
Zebulon, NC 27597
(786) 797-0507
kmoore@protectivemoms.net